# NATIONAL BULK CARRIERS, INC. v DADE COUNTY

## Case Nos. 80-271-AP; 80-272-EX and 81-045-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

September 17, 1985

### APPEARANCES OF COUNSEL

**Michael R. Storace** for appellant.

**Robert A. Ginsburg,** County Attorney, and **Eileen Ball Mehta,** Assistant County Attorney, for appellee.

Before TENDRICH, SALMON and KAYE, JJ.

### OPINION OF THE COURT

This case is before this Court pursuant to a remand from the Supreme Court of Florida. *Dade County v. National Bulk Carriers, Inc.*, 450 So.2d 213 (Fla. 1984). The question we were directed to determine is whether the county's action is confiscatory and constitutes a taking without just compensation, in which event the action of the county must be stricken.

The actions complained of are: (a) denial of an application by the appellant for an unusual use to excavate a lake on its property and to fill the remainder of the land to the elevation of flood criteria, and (b) "roll back" of the zoning classification of appellant's property from IU-3 (Heavy Industrial) to GU (Interim Use).

Appellant's property consists of some 1,850 acres, 570 acres are environmentally sensitive wetlands, the remaining 1,280 acres, although partially wetland, are not environmentally sensitive.

The parties have favored us with comprehensive briefs. In summary, the appellant contends that on the whole the county imposed restrictions upon its land are so restrictive that it is denied all reasonable beneficial use of its land, which has the same effect as an appropriation of the property for public use, and thus a taking without compensation. The county denies this claim, and also contends that the appellant's claim is premature. *Agins v. City of Tiburon*, 447 U.S. 255 (1980). This latter contention is based upon the fact that the record discloses that under the existing and challenged regulations the property may be developed with 370 homes; that is to say that that number of homes may theoretically be constructed upon the appellant's land.

As the appellant has not submitted a plan for use of its land within applicable regulations, and as we agree with the *Agins* decision that the challenged regulations are facially constitutional because they bear a substantial relationship to the public welfare, we conclude that the appellant's claim of a taking is premature, and must be left for another day. *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, — U.S. — (1985) 53 U.S.L.W. 4969.

Affirmed as to Case Numbers 80-271 AP and 81-045 AP. The Petition for Writ of Certiorari in Case Number 80-272 is denied.

TENDRICH, SALMON, and KAYE, JJ. concur.